UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>  v.<br><br>**DEAN HARSHMAN,**<br><br>          **Defendant.** | **Case No. 24-cr-55 (LLA)** |

## JOINT STATUS REPORT

The United States, through undersigned counsel, and the defendant Dean Harshman, by and through his counsel William Shipley, hereby submit this joint status report pursuant to the Court's order issued during the June 26, 2024 status hearing.

Following the June 26, 2024 status hearing in this case, on Friday, June 28, 2024, the Supreme Court issued its decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024). The government is still evaluating *Fischer*'s impact on its January 6 prosecutions.[1]

---

[1] The government takes the following position regarding *Fischer*:

In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like the defendant, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

On July 19, 2024, the government extended to the defendant a new plea offer. That offer expires on August 2, 2024.

Therefore, the parties propose that the Court set a status conference or deadline for an additional joint status report in approximately 30 days, at which point the parties hope to have completed consideration and discussions of the current plea offer and can report to the Court on their progress. The parties agree to the exclusion of time under the Speedy Trial Act until the date of the next status conference or report deadline in the interests of justice to allow them to complete their plea negotiations and continue assessing the impacts of *Fischer* on this case. Mr. Harshman consents to such an exclusion.

Respectfully submitted,

| | |
|---|---|
| DEAN HARSHMAN<br>By Counsel: | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| */s/ William Lee Shipley, Jr.*<br>WILLIAM LEE SHIPLEY, JR.<br>PO BOX 745<br>Kailua, Hawaii 96734<br>(808) 228-1341<br>808Shipleylaw@gmail.com | */s/ Nathaniel K. Whitesel*<br>NATHANIEL K. WHITESEL<br>Assistant United States Attorney<br>DC Bar No. 1601102<br>601 D Street NW<br>Washington, DC 20530<br>nathaniel.whitesel@usdoj.gov<br>(202) 252-7759 |

---

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases.